```
                  UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF RHODE ISLAND
_____
                                   )
UNITED STATES OF AMERICA,          )
                                   )
     v.                            )    CR No. 08-022-S
                                   )
JAMEEL GIBBONS.                    )
_____)
```

MEMORANDUM AND ORDER

WILLIAM E. SMITH, United States District Judge.

Jameel Gibbons, through counsel, has filed a Motion to Vacate or Amend Sentence under 28 U.S.C. § 2255 (ECF No. 27) (the "Motion") in the above matter. The Government has filed an objection (ECF No. 30) to the Motion.

Gibbons has requested expedited consideration of the Motion. (Letter from Fitzgerald to Judge Smith of 6/26/13.) That request is granted.

For the reasons that follow, the Motion is GRANTED.

I.  Background and Travel

On March 5, 2008, Gibbons was indicted on a single count of assault on a person assisting an officer and employee of the United States. The charge arose from a January 25, 2008, incident at the Wyatt Detention Facility (the "Wyatt") in which Gibbons struck a guard.

Gibbons was being held at the Wyatt in connection with his prosecution in the District of Massachusetts for a crack cocaine offense. On January 16, 2008, Gibbons was sentenced to 92 months imprisonment on that charge.

The conviction in the District of Massachusetts case caused Gibbons to be designated as a career offender in the instant matter. As a result, his guideline range was 151-188 months incarceration. At Gibbons' sentencing hearing on December 12, 2008, however, this Court rejected the Government's request for a sentence of 151 months and sentenced Gibbons to 103 months. The sentence was to run concurrently with Gibbons' sentence on the crack cocaine offense, taking into account the 25 months he had already served on that sentence, in essence adding 36 months to his Massachusetts sentence.

On December 16, 2011, pursuant to Gibbons' motion under 18 U.S.C. § 3582(c)(2) and the 2010 amendment to the crack cocaine sentencing guidelines, Judge Gorton reduced Gibbons' District of Massachusetts sentence from 92 months to 63 months. Gibbons timely filed the instant Motion pursuant to § 2255[1] in this Court, requesting a corresponding amendment to

---

[1] The current Motion was filed on December 4, 2012, (see Docket), within one year of Judge Gorton's Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. §

his sentence here, thereby reducing that sentence by 29 months, i.e., from 103 months to 74 months.

II. Discussion

Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Here, Gibbons seeks relief primarily based on the fourth factor, that he is in custody pursuant to a sentence "otherwise subject to collateral attack." (Mot. 2.) The Government disagrees. (Gov't Obj. 3-5.)

At the December 12, 2008, sentencing hearing, this Court framed the issue as follows:

> [T]he real question here really is pretty straightforward. What amount of punishment is appropriate in addition to the sentence that he is serving currently, which is a 92-month sentence, to adequately punish him for assaulting a correctional officer and to send a message to other prisoners that that kind of conduct will not be treated lightly by the Court.
>     Now, deterrence is a very important element in this sentencing because you know, as well as I do, that Mr. Gibbons needs to get the message what the price will be if he does this again. But everybody in prison is going to know what he got for this assault

---

3582(c)(2). (Mot. to Vacate or Amend Sentence Under 28 U.S.C. § 2255, Ex. 2, ECF No. 27-2.)

>     on this guard. And if I go easy on him, that sends
>     one message. And if I give him a stiff sentence, it
>     sends a different message. It's as simple as that.
>     And so what is the right amount of time that
>     appropriately reflects the seriousness of that
>     conduct?

(Sent. Tr. 14-15, ECF No. 23.) As noted above, the Court sentenced Gibbons to 103 months imprisonment, to run concurrent with his District of Massachusetts sentence of 92 months, (id. at 31), with credit given for the 25 months he had already served, (Gov't Obj. 1). The Court explicitly stated that this sentence "result[ed] in three additional years of incarceration to the defendant after the completion of his underlying sentence in the Massachusetts case." (Sent. Tr. 30.)

The Court recognized that Gibbons qualified as a career offender, which yielded a guideline range of 151-188 months. (Id. at 3-4.) The Court further noted that, absent the career offender designation, Gibbons' guideline range would be 33-41 months, even with a criminal history category of VI. (Id. at 8.)

The Court also discussed the fact that the Presentence Investigation Report ("PSR") was somewhat based on that prepared in the District of Massachusetts. (Id. at 2.) There, Gibbons was not yet classified as a career offender. (Id. at 7-8.) The same criminal history, with the exception of the assault charge, was before Judge Wolf in the District of Massachusetts when he

sentenced Gibbons, and this Court believed that factor should be considered. (Id. at 10.)

In addition, the Court recalled a similar case involving a prisoner serving a District of Massachusetts sentence who assaulted a guard at the Wyatt. (Id. at 22, 28.) That inmate had 98 months left to serve on a 120 month sentence, and this Court imposed a sentence of 134 months, to run concurrently with the Massachusetts sentence, which resulted in an additional 36 months incarceration.[2] (Id. at 28.)

Ultimately this Court determined that, in order to be consistent both with Judge Wolf's sentence in the District of Massachusetts case (which was essentially based on the same criminal history) and with the previous case in this district, a sentence similar to that imposed in the prior case was appropriate. (Id. at 30.) The Court stated:

> So in order to be fully consistent with that . . . sentence and to send the correct message, I'm going to impose a sentence that will result in three additional years of incarceration to the defendant after the completion of his underlying sentence in the Massachusetts case. I think that achieves all the goals of Section 3553.[3]

---

[2] The Court notes that the prisoner mentioned above also had a guideline range of 151-188 months. (Sent. Tr. 28, ECF No. 23.)

[3] Section 3553 states that in relevant part that:

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The

(Id.)  Therefore, the Court sentenced Gibbons to "a term of incarceration of 103 months.  That sentence will run concurrent with your current sentence.  The result is that this will add three years to your federal sentence." (Id. at 31.)

It is clear from the transcript of the December 12, 2008, sentencing hearing that Gibbons' sentence in this district was tied to his District of Massachusetts sentence, with the addition of 36 months.  It logically follows that, since the Massachusetts sentence has been reduced, the sentence imposed in the District of Rhode Island should also be reduced by a corresponding period of time, 29 months.

---

    court, in determining the particular sentence to be imposed, shall consider—

    . . . .

    (2) the need for the sentence imposed—

      (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

      (B) to afford adequate deterrence to criminal conduct;

      (C) to protect the public from further crimes of the defendant; and

      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

18 U.S.C. § 3553(a).

Accordingly, the Court GRANTS Gibbons' Motion and amends Gibbons' District of Rhode Island sentence in the above-numbered case from 103 months to 74 months.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date:  July 17, 2013